1

2

3

4

5

6

7

8

9

10

FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

LAWTIS DONALD RHODEN,

                Plaintiff,

        v.

MICHAEL S. CARONA, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

NO. CV 08-00420 FMC (SS)

**MEMORANDUM AND ORDER DISMISSING**

**COMPLAINT WITH LEAVE TO AMEND**

17

18

19

20

21

22

23

24

25

26

     Plaintiff, a civil detainee proceeding pro se, lodged a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") on April 18, 2008 against various individual defendants.  The Complaint was filed on May 30, 2008, after the Court granted Plaintiff's request to proceed in forma pauperis.  For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

\\

\\

27

28

---

     [1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a civil detainee at Coalinga State Hospital pending the outcome of his civil commitment hearing under the Sexually Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code § 6600 et seq. (Complaint at 2).  Following his release from Soledad State Prison, Plaintiff was transferred to the Orange County Men's Jail pursuant to the SVPA petition filed against him.  (Id. at 7).  The Complaint names as defendants former Orange County Sheriff Michael S. Carona and the following current or former employees of Orange County Men's Jail: Deputy Captain D. Bergquist, Deputy Lieutenant W. Griffin, Deputy Lieutenant T. Gallivan, Deputy Sergeant Newmyer, Deputy Sergeant Fouste, Deputy Sergeant Pepe, Deputy Sergeant Curry, Deputy P. Kinney, Deputy Baltodano, Deputy Miller, Deputy Zwirner, Deputy R. Epperson, Deputy Villalogosa, Deputy Garnett, Deputy Martino and John Does 1 through 10. (Id. at 1, 4-6).

According to Plaintiff's sixty-page statement of claims and supporting facts, prison officials subjected him to a variety of physical and mental abuses as a result of his status as a sex offender and in retaliation for filing grievances and disciplinary appeals.  (See id. at 6-66).  Plaintiff seeks compensatory and punitive damages against all defendants in the sum of $41.5 million, as well as declarative and injunctive relief.  (Id. at 66-68).

\\
\\
\\
\\

## DISCUSSION

When a plaintiff appears <u>pro se</u> in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a <u>pro se</u> complaint, the court may not, however, supply essential elements of a claim that were not initially pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a <u>pro se</u> litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Karim-Panahi</u>, 839 F.2d at 623 (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim <u>sua sponte</u> "where the claimant cannot possibly win relief." <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987); <u>see also</u> <u>Baker v. Director, U.S. Parole Comm'n</u>, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting Ninth Circuit's position in <u>Omar</u> and noting that such a <u>sua sponte</u> dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). The Court finds that the instant Complaint fails to state a cognizable claim for relief against the Defendants.

\\
\\
\\
\\
\\

3

A.    **The Claims Against Defendants In Their Official Capacities Are Defective**

Plaintiff is suing all defendants for monetary damages pursuant to 42 U.S.C. § 1983 in their official capacities.   (Complaint at 4, 66). Official capacity claims are another way of pleading an action against an entity of which an officer is an agent, i.e., suits against state officials in their official capacity therefore should be treated as suits against the state or municipal entity.   Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

When an individual sues a local government for violation of his constitutional rights, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered."   Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).   In Monell, however, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior.   Monell, 436 U.S. at 691-94.

Here, the municipal entity that the officers and sheriff represent is the Orange County Men's Jail.   If the municipal entity is named as a defendant, it is not only unnecessary and redundant to name an officer in his official capacity, but it is also improper.   Luke v. Abbott, 954 F. Supp. 202 (C.D. Cal. 1997); see also Megargee v. Wittman, __ F. Supp. 2d __, 2008 WL 752470, at *13 (E.D. Cal. 2008) (citing Luke).   The real

1  party in interest is the local government entity, not the officer.
2  Luke, 954 F. Supp. at 203-04 (citing Graham, 473 U.S. at 165-66).  If
3  Plaintiff intends to proceed with this action, he must clarify whether
4  he is suing the individual officers in their individual or official
5  capacities or whether he is bringing a Monell claim against the Orange
6  County Men's Jail.

7

8  **B.    Plaintiff's Complaint Fails To Comply With Rule 8**

9

10      The Complaint reflects numerous violations of Federal Rule of Civil
11  Procedure 8 ("Rule 8"), entitled "General Rules of Pleading."  Rule
12  8(a)(2) dictates that pleadings contain a "short and plain statement of
13  the claim showing that the pleader is entitled to relief."  Rule 8(e)(1)
14  instructs that "[e]ach averment of a pleading shall be simple, concise,
15  and direct."

16

17      The Complaint does not satisfy the minimal pleading requirements of
18  Rule 8.  The Complaint is much too long -- it contains too many facts,
19  duplicative information and inconsistent theories.  Thus, Plaintiff's
20  claims are unclear and difficult to understand.  It would be difficult,
21  if not impossible, for Defendants to frame a responsive pleading given
22  Plaintiff's inclusion of duplicative and extraneous facts.

23

24      In sum, the Complaint fails to provide a short, clear and concise
25  statement of Plaintiff's claims, as required by Rule 8.  Where the
26  violation of Rule 8 is egregious, as in this case, dismissal is
27  appropriate.  See McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir.
28  1996) (affirming dismissal of third amended complaint that was

"argumentative, prolix, replete with redundancy, and largely irrelevant" and violative of Rule 8); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of first amended complaint that named additional defendants without leave of court and was "equally as verbose, confusing and conclusory as the initial complaint"). Thus, the Complaint is also dismissed with leave to amend for violations of Rule 8.

**C.    Plaintiff's Complaint Fails To Specify Which Defendants Personally Participated In Specific Acts**

To demonstrate a civil rights violation a plaintiff must show that the defendant's conduct caused a deprivation of the plaintiff's constitutional or statutory rights. See 42 U.S.C. § 1983; Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). "[T]he requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Hydrick, 500 F.3d at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). The defendant's conduct can be an affirmative act, participation in another's affirmative act, or failing to perform an act which the defendant is legally required to perform. Id.

Here, Plaintiff's allegations, which relate to events that occurred during his detention at the Orange County Men's Jail, do not make clear exactly which defendants personally caused a particular constitutional deprivation. His claims include generalized assertions such as, "the

6

1 above abuses against Plaintiff continued unchecked by the Defendants."

2 (Complaint at 19). Such allegations are vague and conclusory. As such,

3 they are not sufficient to establish personal participation by any

4 particular defendant in constitutional violations. See Ivey, 673 F.2d

5 at 268 ("Vague and conclusory allegations of official participation in

6 civil rights violations are not sufficient to withstand a motion to

7 dismiss.").

8

9 **CONCLUSION**

10

11 If Plaintiff still wishes to pursue this action, he is granted

12 thirty (30) days from the date of this Memorandum and Order within which

13 to file a First Amended Complaint, curing the defects in the Complaint

14 described above. The First Amended Complaint, if any, shall be complete

15 in itself and shall bear both the designation "First Amended Complaint"

16 and the case number assigned to this action. It shall not refer in any

17 manner to the original Complaint. The caption shall include all parties

18 that Plaintiff is suing. Each page of the First Amended Complaint must

19 be consecutively numbered.

20

21 In any amended complaint, Plaintiff should confine his allegations

22 to those operative facts supporting each of his claims. Plaintiff is

23 advised that pursuant to Federal Rule of Civil Procedure 8(a), all that

24 is required is a "short and plain statement of the claim showing that

25 the pleader is entitled to relief." **Plaintiff is strongly encouraged to**

26 **utilize the standard civil rights complaint form when filing any amended**

27 **complaint, a copy of which is attached.** Plaintiff should make clear

28 which defendant committed a particular act of misconduct. Individuals

1  who have not engaged in any alleged misconduct should not be named as

2  defendants.   It is not necessary for Plaintiff to cite case law or

3  include legal argument.   Moreover, irrelevant exhibits or other

4  extraneous documents are not necessary for Plaintiff to include with his

5  complaint.

6

7      **Plaintiff is explicitly cautioned that failure to timely file a**

8  **First Amended Complaint, or failure to correct the deficiencies**

9  **described above, will result in a recommendation that this action be**

10 **dismissed for failure to prosecute pursuant to Federal Rule of Civil**

11 **Procedure 41(b).**   Plaintiff is further advised that, if he does not wish

12 to pursue this action, he may voluntarily dismiss it by filing a notice

13 of dismissal in accordance with Federal Rule of Civil Procedure

14 41(a)(1).   A sample notice is attached to this order as well.

15

16 DATED: June 20, 2008

17

18                                     SUZANNE H. SEGAL
                                       UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

                                       8

FULL NAME _____

COMMITTED NAME (if different) _____

FULL ADDRESS INCLUDING NAME OF INSTITUTION _____

_____

PRISON NUMBER (if applicable) _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER<br><br>*To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it
appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                        (Claim I)              (Claim II)              (Claim III)

NOTE:     You need not name more than one defendant or allege more than one claim. If you are naming more than
          five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _____ resides or works at
              (full name of first defendant)

              _____
              (full address of first defendant)

              _____
              (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

2. Defendant _____ resides or works at
              (full name of first defendant)

              _____
              (full address of first defendant)

              _____
              (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

3. Defendant _____ resides or works at
              (full name of first defendant)

              _____
              (full address of first defendant)

              _____
              (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

CIVIL RIGHTS COMPLAINT

4.  Defendant _____ resides or works at
          (full name of first defendant)

    _____
          (full address of first defendant)

    _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

5.  Defendant _____ resides or works at
          (full name of first defendant)

    _____
          (full address of first defendant)

    _____
          (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

D. CLAIMS*

CLAIM I

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

E.  **REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
        *(Date)*                          *(Signature of Plaintiff)*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|                  | CASE NUMBER |
|------------------|-------------|
| Plaintiff(s),    |             |
| v.               | **NOTICE OF DISMISSAL PURSUANT** |
| Defendant(s).    | **RULE 41(a) or (c) F.R.Civ.P.** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to Rule 41(a) or (c) of the Federal Rules of Civil Procedure.

_____          _____
*Date*                                       *Signature of Attorney/Party*

**NOTE:**  *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*